IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sandlands C&D, LLC, and Express Disposal Service, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No.: 4:09-cv-01363-TLW |
| County of Horry, a Political Subdivision of the State of South Carolina, acting by and through its duly elected County Council, and Horry County Solid Waste Authority, Inc., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

This case is now before the Court for consideration of the plaintiffs' motion to certify a question to the South Carolina Supreme Court. (Doc. #32). The defendants filed a response in opposition to this motion. (Doc. #34). The plaintiffs then filed a reply to the defendants' response. (Doc. #40). This Court held a hearing on this matter on January 22, 2010. Following the hearing, the defendants filed a supplemental memorandum, (Doc. #47), to which the plaintiffs responded. (Doc. #50).

Federal courts in diversity cases apply the law of the forum state. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). In situations in which "there is no case law from the forum state which is directly on point, the district court attempts to do as the state court would do if confronted with the same fact pattern." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994) (internal citations omitted). The Fourth Circuit has noted that "[o]nly if the available state law is clearly insufficient should the court certify the issue to the state court." Id. (citing Smith v. FCX, Inc., 744 F.2d 1378,

1379 (4th Cir. 1984)). This Court has reviewed the South Carolina Solid Waste Act, S.C. Code §§ 44-96-10, *et seq.*, in connection with numerous relevant South Carolina appellate decisions including South Carolina State Ports Auth. v. Jasper County, 629 S.E.2d 624 (2006), Southeast Res. Recovery, Inc. v. South Carolina Dep't. of Health and Envtl. Control, 595 S.E.2d 468 (2004), Oakwood Landfill, Inc. v. South Carolina Dep't. of Health and Envtl. Control, 671 S.E.2d 646 (Ct. App. 2009), Pressley v. Lancaster County, 542 S.E.2d 366 (Ct. App. 2001), and Ballenger v. South Carolina Dep't. of Health and Envtl. Control, 500 S.E.2d 183 (Ct. App. 1998). The Court has also considered numerous federal decisions including United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt., 550 U.S. 330 (2007), Savage v. Waste Mgmt., Inc., 623 F. Supp. 1505 (D.S.C. 1985), and Northeast Sanitary Landfill, Inc. v. South Carolina Dep't. of Health and Envrtl. Control, 843 F. Supp. 100 (D.S.C. 1992). After full review of the statute and the relevant caselaw, this Court concludes that there is no controlling precedent in the decisions of the South Carolina Supreme Court that adequately address the state law questions now before this Court. Further, the Court notes that the state law questions may be determinative of the cause now pending in this Court. Thus, the Court concludes that certification of the determinative state law questions to the South Carolina Supreme Court is appropriate.

The plaintiffs' motion for certification to the South Carolina Supreme Court is, hereby, **GRANTED**. (Doc. #32). The parties will have up to thirty days to consult and submit to this Court a joint statement of facts and question for certification to the South Carolina Supreme Court. After consideration of the joint submission of the parties, this Court will issue an Order certifying the appropriate question to the South Carolina Supreme Court in accordance with South Carolina Appellate Court Rule 244(b).

**IT IS SO ORDERED**.

                                                                                                s/Terry L. Wooten
                                                                            United States District Judge

February 19, 2010
Florence, South Carolina